FILED

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| MARVEL VENTURE PARTNERS, LLC | § | ' 2016 JUL 18 ₽ 2: 24 |
| | § | |
| PLAINTIFF, | § | CLERK US DISTRICT COURT |
| | § | ALEXANDRIA, VIRGINIA |
| V. | § | CASE NO. 2:16-CV-441 |
| | § | (MSD/LRL) |
| DR. MOHAMED HUSSEIN | § | |
| | § | |
| DEFENDANT | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### & REQUEST FOR DECLARATORY JUDGMENT

Plaintiff Marvel Venture Partners, LLC, ("Marvel" or "Plaintiff ') files this Original Complaint and Request for Declaratory Judgment (the "Complaint"), and avers the following against Defendant Dr. Mohamed Hussein ("Dr. Hussein" or "Defendant"):

### PARTIES

1.     Plaintiff Marvel Venture Partners, LLC. is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 7220A Bob Bullock Loop, Ste. 3-A, Laredo, TX 78041-1976.

2.     Upon information and belief, Defendant Dr. Mohamed Hussein is a Canadian citizen residing and/or doing business at 14-570 Kortright Road West, Guelph, Ontario, Canada N1G3N4 and may be served with process at that address.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. § 1331(federal question), 28 U.S.C. § 1338(a) (patents), and 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act) because this action arises under the patent laws of the United States of America 35 U.S.C. § 100 et seq., specifically 35 U.S.C. §261.

Plaintiff's Original Complaint                    Page 1

4.      This Court also has jurisdiction over the subject matter of this declaratory judgment action pursuant to 28 U.S.C. 1332(a)(2) (diversity) because the suit is between a citizen of a U.S. State and a citizen of a foreign state that, upon information and belief, is not a lawfully admitted permanent U.S. resident or a lawfully admitted permanent U.S. resident domiciled in the same U.S. state, and the amount in controversy exceeds $75,000, excluding interest and cost. Defendant purports to hold an assignment to the patent that is the subject matter of this action, and alleges an entitlement to seven hundred fifty thousand U.S. dollars ($750,000 USD) of the proceeds produced from any sale of the patent that is the subject matter of this action. Marvel disputes these contentions made by Defendant.

5.      This Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. § 293. The Leahy-Smith America Invents Act, signed into law on September 16, 2011, amended 35 U.S.C. to provide, in relevant part, that in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court." Defendant purports to hold an assignment to the patent that is the subject matter of this action, and as such, purports to be a successor in title to the same. Defendant did not file in the USPTO a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. Therefore, Defendant is subject to the personal jurisdiction of this Court.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction pursuant to 35 U.S.C. § 293.

7.      An actual case or controversy has arisen between the parties. Defendant has asserted his alleged rights as successor in title to the patent that is the subject matter of this

action. These assertions by Defendant threaten injury to Marvel. Specifically, Defendant purports to hold an assignment to the patent that is the subject matter of this action, alleges an entitlement to seven hundred fifty thousand U.S. dollars ($750,000 USD) of the proceeds produced from any sale of the patent that is the subject matter of this action, and instructs Marvel that Marvel is not authorized to dispose of the patent without the consent of the Defendant. These assertions harm Marvel by hindering Marvel's enjoyment of their lawfully obtained property right in the patent property to license the patent rights to one or more third-parties to collect royalties, sell the patent rights, sue a patent infringer; or manufacture, offer for sale, sell or use a product covered by the patent without infringing the patent.

## GENERAL ALLEGATIONS

### *Marvel's Chain of Title*

8.      On May 29, 2012, the USPTO issued Patent No. 8,188,685 ("685 Patent") to inventor John F. Johnston ("the "Inventor") as the inventor of an invention entitled "LIGHT-GENERATING SYSTEM". A true and correct copy of the '658 Patent is attached hereto as **Exhibit A.**

9.      The '685 Patent is for a light-generating system including a LED load array having a number of light-emitting diodes, and a heat sink on which the LED load array is mounted. The system also includes a power control unit electrically connected to the power source and the LED load array, for converting input electrical power to output electrical power and controlling voltage and current of the output electrical power provided to the LED load array, and a temperature detector subassembly adapted for sensing a heat sink temperature of the heat sink. The temperature detector subassembly monitors the heat sink temperature and transmits a control signal to the power control unit upon determining that the heat sink

temperature differs from a preselected temperature by more than a preselected minimum difference. Upon receipt of the control signal, the power control unit changes the voltage of the output electrical power accordingly.

10.     Proterra Lighting Inc. ("Proterra") became a successor in title to the '685 Patent when the Inventor assigned all his right, title, and interest in and to the '685 Patent to Proterra on January 17, 2014 (the "First Assignment). The First Assignment was recorded in the USPTO on January 28, 2014. A true and correct copy of the First Assignment is attached hereto as **Exhibit B**.

11.     On December 30, 2013, Proterra issued a promissory note to Marvel for the principal amount of fifty thousand US Dollars ($50,000 USD) (the "$50K Note"). A true and correct copy of the $50K Note is attached hereto as **Exhibit C**.

12.     On January 17, 2014, Proterra issued a promissory note to Marvel for the principal amount of one hundred thousand US Dollars ($100,000 USD) (the "$100K Note"). A true and correct copy of the $100K Note is attached hereto as **Exhibit D**.

13.     On February 14, 2014, Proterra issued a promissory note to Marvel for the principal amount of thirty thousand US Dollars ($30,000 USD) (the "$30K Note"). A true and correct copy of the $30K Note is attached hereto as **Exhibit E**.

14.     On April 08, 2014, Proterra issued an amended and restated promissory note for the principal amount of one hundred eighty thousand US Dollars ($180,000 USD) (the "Amended Note"). A true and correct copy of the Amended Note is attached hereto as **Exhibit F**.

15.     To secure payment of each of the $50K Note, the $100K Note, the $30K Note, and the Amended Note (collectively, the "Notes"), Proterra expressly granted Marvel, in each of

the Notes individually, a security interest in the '685 Patent as the pledged collateral along with a sworn Patent Security Agreement. Pursuant to Section 3(d)(i) of each of the Notes, Proterra represented and warranted to Marvel that Proterra was "the sole and exclusive owner of the entire right, title, and interest in and to the ['685 Patent], free and clear of all liens, claims, and encumbrances (other than the lien and security interest created by this Note and the Patent Security Agreement)." Furthermore, pursuant to Section 3(d)(ii) of each of the Notes, Proterra represented to Marvel that "the security interest in and lien on the ['685 Patent] granted to the [Marvel] hereunder constitutes (a) a legal and valid security interest in all the ['685 Patent] securing the payment and performance of the Obligations, and (b) subject to the filings and other actions, a perfected security interest in all the ['685 Patent]. The security interest and lien granted to [Marvel] pursuant to this Note in and on the ['685 Patent] will, at all times, subject to the filings and other actions set forth in subsection (b) above, constitute a perfected, continuing first priority security interest therein." Additionally, pursuant to Section 3(d)(ix) of each of the Notes, Proterra represented to Marvel that "other than with respect to the Original Notes, [Proterra] has not made a previous assignment, sale, transfer, or agreement constituting a present or future assignment sale, transfer, of any Pledged Collateral (or agreement to grant same) that has not been terminated or released."

16.     Marvel filed and perfected its security interest in the '685 Patent on January 17, 2014 ("First Security Interest"). The First Security Interest was recorded in the USPTO on February 7, 2014. A true and correct copy of the First Security Interest is attached hereto as **Exhibit G.**

17.     Marvel also filed and perfected its security interest in the '685 Patent in the Personal Property Security Registration System in Ontario Canada.

18.     In August of 2014, Proterra defaulted on the Notes and related Patent Security
Agreement by failing to pay the amounts it was obligated to pay pursuant to the Notes.
Consequently, Marvel became a successor in title to the '685 Patent when Proterra assigned all of
its right, title, and interest in and to the '685 Patent to Marvel on August 1, 2014, hereinafter, the
"Second Assignment." The Second Assignment was recorded in the USPTO on August 4, 2014.
A true and correct copy of the Second Assignment is attached hereto as **Exhibit H.**

### *The Present Dispute*

19.     On or about September 11, 2015, Marvel received an email from Inventor,
wherein a number of alleged secured debt holders were identified by Inventor, each of the
alleged secured debt holder allegedly holding security interest in the '685 Patent. Prior to this
email, Marvel did not have constructive or actual notice of the alleged secure debt holder, having
relied on Proterra's affirmative representations presented in the Notes that there were no
conflicting interests.

20.     As part of its due diligence with regard to the aforementioned First Security
Interest and Second Assignment, Marvel performed a search of the records for the '685 Patent in
the USPTO, including the '685 Patent file wrapper and the assignment records for the '685
Patent, and did not find any record of Defendant's alleged assignment or any other document
indicating that Defendant had or has any other interest in the '685 Patent.

21.     In response to the aforementioned email from Inventor, Marvel performed another
search of the records for the '685 Patent in the USPTO as well as performing a search of the
Ontario Personal Property Security Registration System. Marvel did not find any information
indicating any other perfected security interest in the '685 Patent.

22.    On or about January 25, 2016, Marvel received an email from Defendant alleging that the '685 Patent had been assigned to Defendant on March 2, 2010. Furthermore, Defendant alleged that, because of this assignment, Marvel was not authorized to sell or transfer the '685 Patent without consent or authorization from Defendant. Additionally, Defendant alleged an entitlement to seven hundred fifty thousand U.S. dollars ($750,000 USD) of the proceeds produces from any sale of the '685 Patent. At no time, present or past, has Marvel been in a contractual agreement nor any other form of privity with Defendant. A true and correct copy of Defendant's email to Marvel is attached hereto as **Exhibit I.**

## CAUSES OF ACTION

## COUNT ONE – For Declaratory Judgment

23.    Plaintiff Marvel incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

24.    35 U.S.C. § 261 provides, in part, that "[a]n interest that constitutes an assignment, grant or conveyance shall be void as against any subsequent purchaser or mortgagee for a valuable consideration, without notice, unless it is recorded in the Patent and Trademark Office within three months from its date or prior to the date of such subsequent purchase or mortgage."[1]

25.    Pursuant to 35 U.S.C. § 261, Defendant's alleged interest in the '685 Patent is void as against Marvel's subsequent purchase for valuable consideration, such purchase being made without notice as Defendant failed to record any purported interest in the records of the USPTO.

26.    Defendant Hussein has wrongfully claimed, in writing, that he possesses rights to the '685 Patent.

---

[1] 35 U.S.C. § 261.

27.    Defendant Hussein has represented himself falsely as possessing rights to the '685 Patent.

28.    Defendant Hussein has constructive and actual notice that Plaintiff Marvel is the sole owner of the '685 Patent.

29.    Because of Defendant's wrongful claims to ownership of the '685 Patent, Marvel is entitled pursuant to 28 U.S.C. § 2201 to judgment of this Court declaring Marvel to be the rightful owner of the '685 Patent.

## PRAYER FOR RELIEF

WHEREFORE Marvel prays for final judgement against Defendants including the following:

   a)  declaring that Patent No. 8,188,685 was duly and legally issued, is valid, and is enforceable;

   b)  declaring that Marvel is the sole owner of the '685 Patent;

   c)  providing Marvel all other relief as may be deemed appropriate and awarded by this Court.

## DEMAND FOR JURY TRIAL

Marvel hereby makes a demand pursuant to Federal Rule of Civil Procedure 38(b) for a trial by jury on all issues triable to a jury.

Respectfully submitted,

By: _M. Keith Blankenship_

M. Keith Blankenship, Esq.
VSB# 70027

Da Vinci's Notebook, LLC
10302 Bristow Center Dr., No. 52
Bristow, VA 20136
Telephone: 703-581-9562
keith@dnotebook.com

Artie Pennington
State Bar No. 24090324
artie.pennington@hulseyiplaw.com

Jeffrey Hunt
State Bar No. 24048971
jeff.hunt@hulseyiplaw.com

Hulsey Hunt & Parks P.C.
919 Congress Avenue, Ste. 919
Austin, Texas 78701
Telephone: 512-478-9190
Facsimile: 512-478-9192

ATTORNEYS FOR PLAINTIFF,
MARVEL VENTURE PARTNERS, LLC